UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-161-M

| | |
|---|---|
| STATE OF NORTH CAROLINA, ONSLOW COUNTY COURT, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM HERCULES DAVIS, JR., <br><br> Defendant. | ORDER AND MEMORANDUM AND RECOMMENDATION |

This matter is before the court on Defendant's application to proceed *in forma pauperis*, [DE-2], and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) of Defendant's notice to remove certain state court cases to federal court, [DE-1]. Defendant has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed in forma pauperis is allowed. However, it is recommended that the cases be remanded to state court.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual

allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In the present case, Defendant is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id; Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of pro se complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Analysis

Defendant filed a notice of removal as to state court case numbers IJ93312.6889, 24CR700436, 24CR700436-150, 24CR705312, and 24CR709437 from the Onslow and Carteret County state courts, although he does not indicate the county or origin for each specific case. [DE-1]. Defendant's notice also states the grounds for removal as federal question jurisdiction. *Id.*

To remove a criminal or civil action from state to federal court, a defendant must file a signed notice of removal and "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §§ 1446, 1455. Defendant here has filed a signed notice with the grounds for removal but did not attach any pleadings or orders served on him in any of the cases he seeks to remove. The court entered a deficiency notice on November 26, 2024, noting multiple deficiencies

2

in Defendant's filings, including the failure to provide a copy of the requisite state court filings. [DE-3]. Defendant corrected some of the noticed deficiencies but did not provide a copy of the state court filings as required by 28 U.S.C. §§ 1446 and 1455.

Defendant's failure to provide the required state court documents prevents the court from finding it has jurisdiction over these matters. This is particularly so with respect to the criminal cases where removal jurisdiction is quite narrow: § 1442 applies to prosecutions proceeding in state court against federal officers or agents; § 1442a applies to members of the armed forces; and § 1443 applies to prosecutions involving laws which provide for equal civil rights. 28 U.S.C. §§ 1442, 1442a, 1443. Nothing in Defendant's notice of removal indicates that any basis for removal jurisdiction of a state court criminal case is satisfied here. *See Woody v. Wells Fargo Bank, NA*, No. 5:12-MC-00051-BO, 2012 WL 5196457, at *1 (E.D.N.C. Sept. 7, 2012) (remanding cases to state court where plaintiff failed to establish federal jurisdiction), *report and recommendation adopted*, 2012 WL 5197554 (E.D.N.C. Oct. 19, 2012). Likewise, the court is unable to satisfy itself of jurisdiction over the civil matter based on the conclusory assertions in the notice of removal. *See Edgecombe Cnty. Soc. Servs. v. Wallace*, No. 4:21-CV-78-FL, 2021 WL 3013359, at *2 (E.D.N.C. July 16, 2021) ("Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction," and "[t]he federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious.") (citing *McCartney v. State of W. Va.*, 156 F.2d 739, 741 (4th Cir. 1946)). Accordingly, it is recommended that these cases be remanded to state court.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **December 30, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is,

make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted the _16_ day of December, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge