IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:24-CV-00161-M-RJ

| | |
|---|---|
| WILLIAM HERCULES DAVIS, JR., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAYNE GOODWIN, et al., ) <br> ) <br> ) <br> Defendants. ) <br> ) | ORDER |

This matter comes before the court on the memorandum and recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). DE 13. After conducting a frivolity review in accordance with 28 U.S.C. § 1915, Judge Jones recommends that this court dismiss the Complaint (DE 9) for Plaintiff's failure to state a plausible claim for relief. *Id.* at 4. Judge Jones instructed the Plaintiff to file any written objections to the recommendation on or before March 13, 2025. *Id.* On March 7, 2025, Plaintiff filed a document construed as an "objection." DE 14.[1] The matter is now ripe for consideration by this court.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord*

---

[1] Plaintiff subsequently filed two copies of a document titled "Estoppel-ed Judgment against all Defendants...," the latter of which appears to be notarized. DE 15, 16. These documents were filed outside the deadline for objections and do not appear to challenge any findings or conclusions in the M&R.

*Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On January 3, 2025, this court adopted Judge Jones' initial M&R recommending that the court remand this action, which was apparently "removed" by the Plaintiff (then, a Defendant in the action) from state court. DE 7. However, the day before the court issued this order, Plaintiff filed a document, which the court liberally construed as a Complaint alleging violations of Plaintiff's constitutional and/or statutory rights. *See* DE 6. The court referred the pleading to Judge Jones for frivolity review under 28 U.S.C. § 1915. DE 7. The present M&R followed.

After recounting Plaintiff's allegations from the thirty-page Complaint, Judge Jones concludes: "Davis's allegations are rambling and delusional, and as such, they must be dismissed as frivolous pursuant to 28 U.S.C. § 1915 for failure to state a plausible claim." DE 13 at 4. Plaintiff objects to this statement, but simply points to the Complaint and relies on nearly all of the allegations found on pages 1-19 of the pleading. *See* Obj. ¶ 51, DE 14. Plaintiff's primary contention is that, as a self-described "Competent Sui Juris sovereign man," Plaintiff is entitled to "egress and ingress through the state [of North Carolina] at will, and is not required to have a State of North Carolina Driver License." Memo. ¶ 16, DE 14-1. Plaintiff also appears to challenge North Carolina's authority to enforce traffic laws against him due to his status. Plaintiff cites no binding or persuasive law in support of these legal conclusions.

Further, Plaintiff contends that the cases on which Judge Jones relies are "void" in light of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273

2

(2024) (holding that a court "may not defer to an agency interpretation of the law simply because a statute is ambiguous"). DE 14 at 3-4. The court is not persuaded for two reasons: first, Plaintiff fails to identify a case cited by Judge Jones actually overturned or rendered questionable by *Loper Bright* and, second, Plaintiff fails to explain how *Loper Bright* supports his particular claims and/or legal theories.

Finally, Plaintiff challenges Judge Jones' characterization of Plaintiff as a "sovereign citizen" and the judge's authority as a federal magistrate judge. Plaintiff makes no persuasive argument supporting these contentions. The court overrules Plaintiff's objections, finds Plaintiff's allegations to be frivolous, and agrees with Judge Jones that Plaintiff fails to state a plausible claim for relief.

Therefore, upon de novo review of the M&R and the record presented, and finding no error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's objections to the M&R are OVERRULED, and Plaintiff's claims in this matter are DISMISSED. The Clerk of the Court is directed to close this case.

SO ORDERED this 6th day of November, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE